IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF KANSAS

JESSICA MCCALLISTER,

                    Plaintiff,
        vs.                                   **Case No. 10-2256-RDR**

MICHAEL J. ASTRUE,
Commissioner of Social
Security,
                    Defendant.
_____


                         **MEMORANDUM AND ORDER**

     On May 8, 2006, plaintiff filed applications for social security disability income benefits and supplemental security income benefits. These applications alleged a disability onset date of June 17, 2002. On August 5, 2009, a hearing was conducted upon these applications. The administrative law judge (ALJ) considered the evidence and decided on October 23, 2009 that plaintiff was not qualified to receive benefits on either application. The Appeals Council refused to review the ALJ's decision which was then adopted by defendant. Plaintiff has filed this case asking for review of defendant's decision to deny the applications for benefits. Plaintiff originally asked that this court reverse defendant's decision with directions to award benefits to plaintiff or, in the alternative, remand the case for further administrative consideration. In response, defendant agreed that the decision to deny benefits should be reversed and asked the court to remand the case for further consideration. Doc.

No. 21. Plaintiff has argued in reply that an immediate order granting benefits without remand is the more appropriate course.

Therefore, the issue before this court is whether to reverse and direct that benefits be awarded to plaintiff or reverse and remand for further administrative consideration.

I. STANDARD OF REVIEW

To qualify for disability benefits, a claimant must establish that he is "disabled" under the Social Security Act, 42 U.S.C. § 423(a)(1)(E). This means proving that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." § 423(d)(1)(A). But, disability benefits can only be awarded to claimants who can show that they were disabled prior to the last insured date. §§ 423(a)(1)(A) & 423(c).

For supplemental security income claims, a claimant becomes eligible in the first month where he is both disabled and has an application on file. 20 C.F.R. §§ 416.202-03, 416.330, 416.335.

The court must affirm the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the proper legal standards. Rebeck v. Barnhart, 317 F.Supp.2d 1263, 1271 (D.Kan. 2004). "Substantial evidence" is "more than a mere scintilla;" it is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Id., quoting Richardson v. Perales, 402 U.S. 389, 401 (1971).

As previously mentioned, it is agreed that the decision to deny plaintiff's applications for benefits must be reversed. Plaintiff contends that this court should remand with the direction to award benefits because substantial evidence in the record supports a finding of disability. Defendant contends that the evidence is not so clear.

The question of whether to remand for further proceedings or for an immediate award of benefits is a matter within the court's discretion. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993). "The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." Moore v. Astrue, 2009 WL 215356 *4 (D.Kan. 1/28/2009) (citing Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986) and Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993)).

II. THE ALJ'S DECISION (Tr. 8-14).

There is a five-step evaluation process followed in these cases which is described in the ALJ's decision. (Tr. 9-10). First, it is determined whether the claimant is engaging in substantial gainful activity. Second, the ALJ decides whether the claimant has a medically determinable impairment that is "severe"

3

or a combination of impairments which are "severe." At step three, the ALJ decides whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. Next, the ALJ determines the claimant's residual functional capacity and then decides whether the claimant has the residual functional capacity to perform the requirements of his or her past relevant work. Finally, at the last step of the sequential evaluation process the ALJ determines whether the claimant is able to do any other work considering his or her residual functional capacity, age, education and work experience.

In this instance, the ALJ decided the case at the fourth stage of the sequential analysis. He determined that plaintiff could perform the requirements of her past relevant work.

Specifically, the ALJ made the following findings in his decision. He decided that plaintiff met the insured status requirements of the Social Security Act through September 30, 2005. (Tr. 10). He found that plaintiff has not engaged in substantial gainful activity since the alleged date of disability. (Tr. 10). He further found that plaintiff has two "severe impairments": bipolar disorder and post traumatic stress syndrome. (Tr. 10). The ALJ determined that plaintiff does not have an impairment or combination of impairments that meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr.

4

12). He decided that plaintiff has the residual functional capacity (RFC) to perform light work with moderate limitations in understanding and carrying out detailed instructions and in working within close proximity of others. (Tr. 12). Relying in part upon the testimony of a vocational expert, the ALJ found that plaintiff was able to perform her past relevant work as a janitor. (Tr. 13).

III. ANALYSIS

The record in this case contains findings and opinions from at least 10 doctors and additional mental health professionals regarding plaintiff's mental impairments. The parties and the court agree that the ALJ did not do an adequate job of evaluating all of this material. There is general agreement among the various doctors concerning the nature of plaintiff's problems. Plaintiff is consistently diagnosed with bipolar disorder, borderline personality disorder, depression, and post-traumatic stress syndrome. There is some disagreement within the record regarding the extent of plaintiff's disability and the capacity to treat plaintiff effectively with medication. The record contains references suggesting uneven success with medication. The record also shows that at various times plaintiff was assessed with average intelligence, and fair to good concentration, attention, judgment and insight. The report of Dr. Swearngin, a licensed psychologist, indicates that plaintiff does housekeeping and child care, gets along with people, and maintains good attention and

5

concentration. (Tr. 401). There are other entries in the record which state that plaintiff was doing fairly well. (Tr. 311, 325, 403-05, 412, 628-29, 692, 760, 763). But, there are also many entries in the record which suggest that plaintiff suffers from disabling mental illness. (Tr. 714-17, 320, 791-92).

Overall, after a review of the administrative record, the court cannot say that the evidence in favor of plaintiff's claims is so clear and uncontroverted that the case should be remanded with an order to award benefits. Cf., Blackwell v. Astrue, 522 F.Supp.2d 1347 (D.Kan. 2007) (refusing to remand for an immediate award of benefits where the record did not permit the court to determine the weight given to various medical opinions and there were factual issues and evidentiary conflicts regarding an issue of drug addiction). Although plaintiff's application for benefits has been pending for a lengthy period of time, the court believes additional analysis of the medical record would serve a useful purpose. Therefore, the court shall reverse the decision to deny plaintiff's applications for benefits and remand this case for further evaluation as described in defendant's motion to reverse and remand.[1]

---

[1] Defendant's memorandum in support of the motion states: "Upon receipt of the Court's remand order, the Appeals Council will instruct the ALJ to further evaluate Plaintiff's mental impairments in accordance with the special technique described in 20 C.F.R. § 404.1520a and § 416.920a, documenting application of the technique in the decision by providing specific findings and

IV. CONCLUSION

Defendant's motion to reverse and remand and for entry of final judgment (Doc. No. 21) is granted. Judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(b) reversing the decision to deny plaintiff's applications for benefits and remanding this matter for further evaluation in accordance with this opinion and defendant's motion.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge

---

appropriate rationale for each of the functional areas described in those regulations. The ALJ will also be instructed to give further consideration to the treating and examining source opinions pursuant to the provisions of 20 C.F.R. § 404.1527 and § 416.927 and Social Security Ruling 96-2p, 96-5p, and 06-3p, and explain the weight given to such opinion evidence. As appropriate, the ALJ may request that treating and examining sources provide additional evidence and/or further clarification of the opinions. The ALJ may also enlist the aid and cooperation of Plaintiff's representative in developing evidence from her treating sources."
Doc. 22 at pp. 1-2.